Kunkle, J.
Defendant in error, H. E. Schmidt, was charged, tried and convicted of violating an ordinance of the city of Xenia, Ohio, by placing certain temporary obstructions on the sidewalk in front of his place of business. The ordinance in question makes it unlawful to deposit upon any street, alley, sidewalk, etc., “any wood, coal, box, barrel, crate, cask, keg, casting, lumber, goods, wares, furniture, merchandise or any other mate *360 rial or obstruction whatsoever unless for such reasonable time as may be actually necessary for receiving or discharging the same from store building or other place,” etc.
The court of common pleas reversed the judgment of the lower court, upon the ground that the ordinance in question was not of uniform operation, but excepted from its provisions certain permanent obstructions, such as permanent steps, or approaches to buildings, already abutting on any street, and any balcony, bay window or column of any building, already abutting on any street.
This is an interesting and important case, and we have carefully considered the authorities cited, but will not attempt to review the same in detail. We will merely announce the conclusion at which we have arrived after an examination of such authorities.
From such examination we are clearly of opinion that an ordinance of a city can not be upheld which is not of uniform operation, or which discriminates between persons in substantially the same circumstances.
The exemptions from the provisions of the ordinance in question consist of permanent obstructions, while the ordinance attempts by its provisions to make it unlawful to deposit temporary obstructions.
We are unable to see any good reason for prohibiting temporary obstructions and at the same time legalizing many obstructions of a permanent nature.
Counsel for plaintiff in error insist that the exceptions contained in the ordinance were intended *361 to cover the permanent obstructions which had existed for such a length of time as to have acquired a lawful right in the sidewalks. It must be observed, however, that by the terms of the exceptions in the ordinance no limitation is placed upon such permanent obstructions as have existed for twenty-one years or more. The exemptions from the provisions • of the ordinance include permanent obstructions of the classes mentioned without any reference to the length of time such obstructions may have existed upon the sidewalks in the streets of Nenia.
We are in thorough accord with the sentiment expressed by the city solicitor that a city can be beautified to a great extent by clearing its sidewalks of obstructions, and are prepared to assist the solicitor in this respect to the extent which we may be authorized by law; but, as above stated, from an examination of the authorities we are of opinion that this purpose must be accomplished by ordinances which are of uniform operation and which contain no unreasonable discriminations.
The written decision of Judge Clevenger of the court of common pleas has been submitted to us. We have read the same and in the main are in harmony with the reasoning contained therein in. so far as the same applies to the case at bar.
Finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.
Judgment affirmed.
Allread and Ferneding, JJ., concur.